# Matter of A-G-O-F-, et al., Respondents

*Decided by Board June 26, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) "Brazilian children" and "abandoned Brazilian children" are not cognizable particular social groups because they are not defined with sufficient particularity.

(2) The Immigration Judge clearly erred in determining that the respondent's past harm was perpetrated by individuals that the government of Brazil was unable or unwilling to control when the government arrested one of the perpetrators in connection with other crimes, the respondent has not shown that the other perpetrator is still at large because of an inability or unwillingness of the government to investigate and punish his crimes, and the government provides services for abused children to help authorities protect them.

(3) The respondent did not establish eligibility for humanitarian asylum because he did not show that the government was unwilling or unable to protect him from the harm he suffered in the past.

FOR THE RESPONDENTS: Andrew G. Lattarulo, Esquire, Chelsea, Massachusetts

FOR THE DEPARTMENT OF HOMELAND SECURITY: Tori Gamelin, Assistant Chief Counsel

BEFORE: Board Panel: GORMAN, Deputy Chief Appellate Immigration Judge; VOLKERT, Appellate Immigration Judge; PICOS, Temporary Appellate Immigration Judge.

GORMAN, Deputy Chief Appellate Immigration Judge:

The lead respondent and his wife and son, the co-respondents, are natives and citizens of Brazil.[2] The Department of Homeland Security ("DHS")

---

[1] Pursuant to Order No. 7027-2026, dated July 20, 2026, the Acting Attorney General designated the Board's decision in *Matter of A-G-O-F-, et al.* (BIA June 26, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The co-respondents are derivative beneficiaries of the lead respondent's asylum application. *See Matter of A-K-*, 24 I&N Dec. 275, 279 (BIA 2007) (stating that derivative withholding of removal is not permitted under any circumstances). They have not filed separate applications.

appeals from the Immigration Judge's September 15, 2025, decision granting the lead respondent's application for humanitarian asylum under section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A) (2024). The respondents oppose the appeal. We will sustain the appeal, vacate the Immigration Judge's grant of humanitarian asylum, and remand the record for further proceedings regarding the lead respondent's request for protection under the regulations implementing the Convention Against Torture ("CAT").[3]

The lead respondent was physically abused as a child by his mother and uncle, and he was drugged and raped as a child by two men. The Immigration Judge found that the lead respondent established a rebuttable presumption of a well-founded fear of future persecution on account of his membership in the following particular social groups: (1) "family unit;" (2) "family of respondent's biological father;" (3) "Brazilian children;" and (4) "abandoned Brazilian children." The Immigration Judge determined that DHS rebutted the presumption because the lead respondent could reasonably relocate. However, the Immigration Judge found that the lead respondent merited a grant of humanitarian asylum.

We agree with DHS' argument that the groups "Brazilian children" and "abandoned Brazilian children" are not cognizable because they are not defined with sufficient particularity. The Immigration Judge found that these groups are particular because the term "children," as well as the respondent's nationality, delineate the groups' members. We disagree. "Brazilian children" is not defined by discrete terms, as it encompasses children of different ages, races, and other personal characteristics and therefore comprises a large, diffuse portion of Brazilian society. *See Perez-Trujillo v. Garland*, 3 F.4th 10, 17 (1st Cir. 2021) (defining particularity). In addition, the term "abandoned" is not adequately defined within the record evidence and does not provide an adequate benchmark for who falls within the group "abandoned Brazilian children." *See Enamorado-Rodriguez v. Barr*, 941 F.3d 589, 599 (1st Cir. 2019) (affirming agency decision that the proposed social group of "Honduran children lacking parental protection" lacked the requisite particularity because it was ambiguous, largely subjective, and had no definable boundaries).

---

[3] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

We also reverse as clearly erroneous the Immigration Judge's determination that the lead respondent's past harm was perpetrated by individuals that the Brazilian Government was unable or unwilling to control. *See Ortiz-Araniba v. Keisler*, 505 F.3d 39, 42 (1st Cir. 2007) (stating that whether a government is unable or unwilling to control a persecutor is a question of fact); 8 C.F.R. 1003.1(d)(3)(i) (2026). We recognize that the lead respondent was a minor when harmed in the past, and we continue to observe that it may be futile or dangerous for an abused child to seek protection from the authorities. *See Matter of C-G-T-*, 28 I&N Dec. 740, 743 (BIA 2023). Yet, the Brazilian Government arrested one of the men who raped the lead respondent in connection with other crimes. *See Gómez-Medina v. Barr*, 975 F.3d 27, 32–33 (1st Cir. 2020) (evaluating police response to harm in the "unable or unwilling" analysis). Although the other individual who raped the lead respondent has not been apprehended, the lead respondent has not shown that this individual remains at large because of an inability or unwillingness of the Brazilian Government to investigate and punish his crimes. *See Ortiz-Araniba*, 505 F.3d at 42 (discussing the "unable or unwilling" standard). Furthermore, the Brazilian Government provides services for abused children, such as a national hotline to allow authorities to protect children. *See generally Medina-Suguilanda v. Garland*, 121 F.4th 316, 325 (1st Cir. 2024) (stating that country reports are relevant in evaluating whether a government is unable or unwilling to offer protection).

Moreover, we agree with the Immigration Judge that DHS has rebutted any presumption of future persecution because the lead respondent could reasonably relocate within Brazil. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B) (2026). For these reasons, we conclude that the lead respondent has not shown that he is statutorily eligible for asylum or withholding of removal under the INA.

In addition, we reverse the grant of humanitarian asylum. To establish eligibility for humanitarian asylum, a respondent must demonstrate that he suffered past persecution on account of a protected ground and is unable or unwilling to return to, or avail himself of, the protection of that country owing to such persecution. 8 C.F.R. § 1208.13(b)(l)(iii); *see also Matter of L-S-*, 25 I&N Dec. 705, 710 (BIA 2012) (stating that, to be eligible for humanitarian asylum, an applicant must have demonstrated past persecution within the meaning of the INA). Since the lead respondent has not demonstrated the Government of Brazil was unable or unwilling to protect him, he did not establish past persecution under the INA and is thus ineligible for humanitarian asylum.

We will remand the record for the Immigration Judge to consider in the first instance whether the lead respondent is eligible for CAT protection. We express no opinion on the ultimate outcome of proceedings.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's order dated September 15, 2025, granting humanitarian asylum is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with this opinion and for the entry of a new decision.